UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00473-JMS-DLP |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Petition for Writ of Habeas
Corpus and Directing Entry of Final Judgment**

The petition of James Webb for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 17-07-0078. For the reasons explained in this Order, Mr. Webb's habeas petition must be **granted**.

A.     Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.     The Disciplinary Proceeding

Mr. Webb was charged with having violated a state law, obstruction of justice pursuant to

IC § 35-44.1-2-2, under rule number 100A. The conduct report states:

On 7/12/17 at approximately 7:10 a.m. I, Sgt. R. Vrzina, was conducting a strip search of Offender Webb, James #920832. While conducting the search I noticed that Offender Webb was holding what appeared to be two folded pieces of paper. I instructed Offender Webb to drop what he was holding in his hand and take a step back. He immediately placed the items in his mouth and swallowed them.

Dkt. 14-1.

On July 13, 2017, the conduct report was mailed to Mr. Webb, because he was in restricted segregation housing. Also mailed on July 13, 2017, was the screening report wherein Mr. Webb pleaded not guilty, requested a lay advocate, declined to call any witnesses, and requested the video of the strip search. Dkt. 14-2.

The disciplinary hearing was held on July 20, 2017. Mr. Webb requested the testimony of two officers. The hearing officer denied this request as untimely and irrelevant. Dkt. 14-6. The hearing officer considered the staff reports, Mr. Webb's statement, and the video evidence and found Mr. Webb guilty of the charge. Dkt. 14-3. Mr. Webb's sanctions included the loss of one credit class. Dkt. 14-3.

Mr. Webb appealed to the Facility Head and the IDOC Final Reviewing Authority. Both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Webb's petition raises several grounds for relief. But because the Court finds one of the grounds to be dispositive, it will not review the other grounds. For the reasons discussed below, the Court finds that the hearing officer denied Mr. Webb due process by refusing to permit testimony from the two officers he requested.

Mr. Webb claims that he gave the hearing officer a two-page statement with several

requests on them, but the first page went missing and none of the requests on that page were considered by the hearing officer. The single-page statement from Mr. Webb attached to the hearing report consists of one paragraph labeled "7." The number "2" appears in the center of the bottom of the page.

In his petition, Mr. Webb asserts that the first page requested six things: 1) a continuance, 2) statements from two officers as witnesses, 3) a lay advocate, 4) a copy of the Indiana Code he was accused of violating, 5) a urine test, and 6) video of the incident.

Regardless of what happened to the first page of his statement, the hearing officer attests that Mr. Webb requested testimony from two officers and that she denied that request both because it was untimely and because the evidence offered by the officers would have been irrelevant or repetitive.

The respondent echoes these arguments in his return. First, he argues that the request for witnesses, made at the hearing, was untimely. Contrary to the respondent's argument, a request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).[1]

Therefore, it is clear from the hearing officer's affidavit that Mr. Webb was denied two witnesses he timely requested. But to succeed on this ground, he must also describe what the denied witnesses would have testified to that would have aided in his defense. *See Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's]

---

[1] The Indiana Attorney General has argued in other disciplinary habeas actions that requests for witnesses made at disciplinary hearings are untimely. *See, e.g.*, *Peterson v. Superintendent*, 2:17-cv-00458-JMS-MJD, 2018 WL 2938499 (S.D. Ind. June 12, 2018). The Court finds the cases repeatedly cited by the Indiana Attorney General in support of this argument to be inapposite. Seventh Circuit law is clear that a request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). The **clerk is directed** to send a courtesy copy of this Order to Jonathan Nagy, chief of correctional law litigation for the Indiana Attorney General.

testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Mr. Webb argues that one officer would have testified that Mr. Webb requested a drug screen to demonstrate that he had not ingested any drugs, and the other officer would have testified that no paper was found after an examination of Mr. Webb's feces recovered from the dry cell he was placed in after allegedly swallowing the papers.

The respondent argues that neither witness would have exonerated Mr. Webb. Even if he tested negative on a drug screen, the mere ingestion of the papers after being told to drop them constituted obstruction of justice, regardless of what was on the paper. The respondent further argues that Mr. Webb may have digested the paper or excreted it after he was removed from the dry cell, explaining why it was not found when an officer examined his feces.

Although these suppositions may be true, and the hearing officer may have found Mr. Webb guilty of the offense after considering all the evidence, Mr. Webb still had a right to present evidence that tended to show he did not swallow two pieces of paper. A negative feces screen would do just that. The defendant is not limited to presenting evidence that is 100% determinative of his innocence. Instead, he has a right to present evidence that may exculpate him. Although he was not charged with a drug offense, that the papers contained drugs is a likely theory for why he would have swallowed papers when ordered to drop them. Certainly, he may have swallowed them for other reasons, but a willingness to submit to a drug test is some evidence that he did not swallow papers because they contained drugs. Again, while not certain to have exonerated him, Mr. Webb had a right to present this evidence to be weighed, alongside the respondent's evidence, by the hearing officer.

D.  **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of

the government." *Wolff*, 418 U.S. at 558. Mr. Webb is entitled to relief because he was denied due process in disciplinary proceeding No. WVD 17-07-0078. Accordingly, Mr. Webb's petition for a writ of habeas corpus must be **granted** and his disciplinary conviction and the sanctions imposed must be **vacated and rescinded**. Mr. Webb's credit class must be immediately restored, and his new release date must be calculated accordingly. Furthermore, the **clerk is directed to send** a courtesy copy of this Order to Jonathan Nagy at the Indiana Attorney General's Office.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/25/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES WEBB
920832
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov


Courtesy Copy to:

Jonathan Paul Nagy
INDIANA ATTORNEY GENERAL
302 West Washington Street,
Indiana Government Center South
Fifth Floor
Indianapolis, IN 46204